COMMONWEALTH *vs.* LINDA M. MCCARTHY.

No. 07-P-1051.

Essex. February 5, 2008. - April 24, 2008.

Present: CYPHER, ARMSTRONG, & RUBIN, JJ.

*Search and Seizure,* Emergency.

A District Court judge erred in allowing the criminal defendant's motion to suppress evidence of controlled substances that a police officer who was responding to a report of "an unconscious woman" found upon a warrantless search of her handbag after he summoned emergency medical technicians to assist her, where the officer's search of the defendant's handbag was reasonable under the emergency exception to the warrant requirement, in that the officer acted with the purpose of helping the defendant, rather than with the purpose of securing evidence for a possible criminal trial, and there existed objectively reasonable grounds for the officer to believe an emergency existed. [592-595]

COMPLAINT received and sworn to in the Salem Division of the District Court Department on June 19, 2006.

A pretrial motion to suppress evidence was heard by *D. Dunbar Livingston,* J.

An application for leave to prosecute an interlocutory appeal was allowed by *Frances X. Spina,* J., in the Supreme Judicial Court for the county of Suffolk, and the appeal was reported by him to the Appeals Court.

*Kenneth E. Steinfield,* Assistant District Attorney, for the Commonwealth.

*Jennifer B. Koiles* for the defendant.

CYPHER, J. This is an interlocutory appeal by the Commonwealth authorized by a single justice of the Supreme Judicial Court pursuant to Mass.R.Crim.P. 15(a)(2), as appearing in 422 Mass. 1501 (1996). This appeal presents the question whether there was an emergency justifying the warrantless search of the defendant's handbag by an officer of the Beverly police

department. A District Court judge concluded that the officer's search of the defendant's handbag was not reasonable under the circumstances and that the "emergency exception" to the warrant requirement did not apply. The motion judge allowed the defendant's motion to suppress the evidence discovered and seized as a result of the search. We reverse.

*Facts.* The only witness testifying at the hearing on the motion to suppress was Officer James McGinnis of the Beverly police department. We summarize the findings of the motion judge.

At approximately 10:00 A.M. on May 24, 2006, Officer Mc-Ginnis was dispatched to the "Something Different" restaurant on a report of an unconscious woman. Upon arrival, Officer McGinnis observed the defendant, Linda M. McCarthy, "thrashing" about on the floor. The defendant was slurring her words and unable to communicate effectively, although Officer Mc-Ginnis was able to discern that the defendant wanted help getting up and into a chair. Officer McGinnis called for emergency medical technicians (EMTs), who arrived in several minutes.

Upon arrival, the EMTs were able to move the defendant to a sitting position in a chair. The defendant's condition had slightly improved. The EMTs told Officer McGinnis that they believed the defendant was suffering from a drug overdose, and they inquired whether Officer McGinnis knew what the defendant had taken. He responded that he did not.

Officer McGinnis observed a woman's open handbag several feet from the defendant. He searched the handbag for drugs, the identity of which, if known, could assist the EMTs in treating the defendant. Inside the handbag, Officer McGinnis found documentation identifying the defendant, two marijuana cigarettes, and two amber-colored vials that appeared to hold cocaine. Officer McGinnis showed the drugs to the EMTs and seized the bag and its contents. The defendant was transported to the hospital by the EMTs.

After the defendant was transported to the hospital, Officer McGinnis had the vials of powder "field tested." The test confirmed that the powder was in fact cocaine.

*Discussion.* It is undisputed that the search of the defendant's handbag was undertaken without probable cause, and under

normal circumstances would have been considered an invalid warrantless search and seizure; however, it is well settled that there are instances where otherwise invalid warrantless searches do not run afoul of the Fourth Amendment to the United States Constitution or art. 14 of the Massachusetts Declaration of Rights. One such exception to the warrant requirement is the "emergency exception." The emergency exception "applies when the purpose of the police entry is not to gather evidence of criminal activity but rather, because of an emergency, to respond to an immediate need for assistance for the protection of life or property. 'The need to protect or preserve life or avoid serious injury is justification for what would be otherwise illegal absent an exigency or emergency.' *Mincey* v. *Arizona*, 437 U.S. [385, 392 (1978)], quoting from *Wayne* v. *United States*, 318 F.2d 205, 212 (D.C. Cir.), cert. denied, 375 U.S. 860 (1963)." *Commonwealth* v. *Bates*, 28 Mass. App. Ct. 217, 219 (1990). "For the [emergency] exception to apply, the burden of proof is on the Commonwealth to show that the warrantless entry falls within the exception and that there were reasonable grounds for the . . . police to believe (an objective standard) that an emergency existed." *Id.* at 219-220. See *Commonwealth* v. *Snell*, 428 Mass. 766, 774-775, cert. denied, 527 U.S. 1010 (1999). This exception applies to a narrow class of circumstances, and "[t]he injury sought to be avoided must be immediate and serious, and the mere existence of a potentially harmful circumstance is not sufficient." *Commonwealth* v. *Kirschner*, 67 Mass. App. Ct. 836, 841-842 (2006).

The motion judge specifically found that Officer McGinnis "opened the handbag for the purpose of looking for drugs whose identity, if known, may assist the [EMTs] in treating the defendant." This finding addresses the first requirement for a warrantless search to be covered by the emergency exception, namely, that the purpose of the search is not to gather evidence of criminal activity. See *Commonwealth* v. *Snell, supra* at 774; *Commonwealth* v. *Bates, supra* at 219. This finding supports the conclusion that Officer McGinnis acted with the purpose of helping the defendant, rather than with the purpose of securing evidence for a possible criminal trial.

Having concluded that the purpose of the search was not to

gather evidence of criminal activity, we must determine whether there were objectively reasonable grounds for Officer McGinnis to believe that an emergency existed. See *Commonwealth* v. *Snell, supra* at 774-775; *Commonwealth* v. *Bates, supra* at 219-220; *Commonwealth* v. *Ringgard,* 71 Mass. App. Ct. 197, 201 (2008). In making this determination, we must evaluate the actions of Officer McGinnis in the proper context and not with twenty-twenty hindsight. Compare *Commonwealth* v. *Ortiz,* 435 Mass. 569, 574 (2002), quoting from *Commonwealth* v. *Young,* 382 Mass. 448, 456 (1981) (concluding "[t]he officers were in the midst of a very hectic scene, and their response is 'to be evaluated in relation to the scene as it could appear to the officers at the time, not as it may seem to a scholar after the event with the benefit of leisured retrospective analysis' ").

Here, Officer McGinnis responded to a report of "an unconscious woman." Upon arrival, he called for the assistance of EMTs. Officer McGinnis did not search the defendant's bag until the EMTs attempted to administer treatment to the defendant, noted that the defendant appeared to be suffering from a drug overdose, and asked Officer McGinnis whether he knew what the defendant had taken. It is common knowledge that a drug overdose is a serious medical emergency, often resulting in death when the afflicted person is not given timely and proper treatment. See, e.g., *Commonwealth* v. *Grinkley,* 44 Mass. App. Ct. 62, 69 n.9 (1997) (appellate courts may take judicial notice of facts of common knowledge).

In such medical emergencies, time is of the essence, requiring swift action. "The reason is plain: 'People could well die in emergencies if police tried to act with the calm deliberation associated with the judicial process.' " *Commonwealth* v. *Ringgard, supra* at 201, quoting from *Wayne* v. *United States,* 318 F.2d at 212. Additionally, there was no indication from the EMTs that the defendant was no longer in imminent and substantial danger. Despite the fact that "the defendant had slightly improved," at least to the point where the EMTs were able to place her in a chair, there still existed a real emergency that required immediate assistance for the protection of the defendant's life. In fact, the EMTs ultimately concluded that the situation was serious enough to warrant sending the defendant, by emer-

gency transport, to the hospital for treatment. In these circumstances, there existed objectively reasonable grounds to conclude that there was an emergency, and that Officer McGinnis's actions were reasonable.

In conclusion, in these circumstances, there existed an emergency that required immediate assistance for the protection of the life of the defendant, and there were objectively reasonable grounds for Officer McGinnis to believe that an emergency existed. It was therefore reasonable for him to search the defendant's handbag. The warrantless search of the defendant's handbag fell within the emergency exception to the warrant requirement. Accordingly, the order allowing the motion to suppress is reversed, and the matter is remanded to the District Court for further proceedings.

*So ordered.*